NEREIDA LÓPEZ DE VICTORIA, demandante y recurrida, *v.* HON. SANTIAGO C. SOLER FAVALE, ETC., demandado y recurrente.

*Número:* R-71-172       *Resuelto:* 15 de octubre de 1973

*Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Procurador General Interino, y Américo Serra, Procurador General Auxiliar,* abogados del recurrente; *José Raúl Cancio,* abogado de la recurrida.

PER CURIAM: La recurrida, empleada del Gobierno desde el año 1959, fue nombrada secretaria del Subsecretario de Justicia el 16 de noviembre de 1966 con clasificación de Oficinista-Taquígrafa III en el servicio por oposición y sueldo de $315 por mes, puesto que ocupaba a la fecha del juicio celebrado los días 17 y 18 de diciembre de 1970.

El 23 de mayo de 1969 el Director de Personal modificó el Plan de Clasificación que comprendía el puesto de Oficinista-Taquígrafo III de la recurrida, que fue reasignado a Secre-

taria Ejecutiva II con sueldo mensual de $425. El entonces Subsecretario de Justicia Sr. Herrero la felicitó por el ascenso. Sin embargo, el 13 de junio de 1969 el Director de Personal Sr. Frank Romero alegando "error involuntario" se dirigió por carta al Secretario de Justicia Sr. Soler Favale dejando sin efecto la reasignación de la recurrida al puesto de Secretaria Ejecutiva II, sin tocar la reasignación de otros dos puestos de Justicia ascendidos por la misma notificación de 23 de mayo de 1969. El 23 de octubre de 1969 el Secretario de Justicia asignó a la recurrida a la División de Casos de Tierra con la anterior asignación de Oficinista-Taquígrafa III y sueldo de $345. Solicitó la recurrida del Secretario de Justicia la reinstalación en su puesto de Secretaria Ejecutiva II y al no acceder éste, acudió ella al tribunal con un recurso de *mandamus* al que proveyó el tribunal de instancia ordenando su reinstalación a la asignación mayor autorizada por Personal.

Está presente una cuestión previa jurisdiccional que hace innecesario considerar otro señalamiento que no sea la falta de agotar el remedio administrativo. Dispone la Sec. 11 (c) de la Ley de Personal del Gobierno, según enmendada (3 L.P.R.A. sec. 651 (c) ) : "Todo el [*sic*] empleado afectado por cualquier asignación o reasignación de un puesto tendrá el derecho de radicar ante el Director solicitud formal de reconsideración. El empleado será notificado formalmente de la acción tomada por el Director, la cual será final. Las asignaciones o reasignaciones no afectarán los derechos adquiridos por el empleado en el Servicio por Oposición." La empleada hizo caso omiso del precepto legal y acudió al tribunal en solicitud de *mandamus* sin agotar su recurso ante el Director de Personal.

No es este el caso de excepción que justifique descartar la vía administrativa por inoperante o para evitar un daño sustancial inminente que en el balance de conveniencias induce una desviación de la norma legislada. *González Saldaña*

v. *Tribunal Superior*, 92 D.P.R. 477, 487 (1965) ; *Vda. de Iturregui* v. *E.L.A.*, 99 D.P.R. 488, 491–92 (1970) ; *cf. Lomas de Carolina Corp.* v. *Tribunal Superior, ante, p. 574, Sacarello* v. *Junta de Retiro*, 75 D.P.R. 267, 276 (1953).

*Se revocará la sentencia revisada.*