EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Municipio de Caguas, et als.<br>        Peticionarios<br><br>             v.<br><br>AT & T Wireless PCS, Inc., et als.<br>      Recurridos | Certiorari<br><br>2001 TSPR 93<br><br>154 DPR \_\_\_\_ |

Número del Caso: CC-2000-238

Fecha: 18/junio/2001

Tribunal de Circuito de Apelaciones:
                              Circuito Regional VI

Juez Ponente:
                       Hon. Ismael Colón Birriel

Abogados de la Parte Peticionaria:
                              Lcdo. Pedro J. Varela Fernández
                              Lcdo. José R. Varela

Abogados de la Parte Recurrida:
                              Lcdo. Gabriel A. Peñagarícano
                              Lcdo. John Malley Vega

Materia: Daños y Perjuicios

        Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Municipio de Caguas, Et als

    Peticionarios

            v.                                    CC-2000-238      Certiorari

AT & T Wireless PCS, Inc.,
Et als.

    Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 18 de junio de 2001.

Tenemos la ocasión otra vez para precisar e ilustrar el alcance y la aplicación tanto de la doctrina que requiere que se agoten los remedios administrativos antes de que pueda recurrirse al foro judicial, como de la doctrina de la jurisdicción primaria. Tenemos además la oportunidad para aclarar el efecto de nuestro dictamen en Asoc. de Residentes v. Montebello Dev. Corp., 138 D.P.R. 412 (1995).

I

El 27 de septiembre de 1999, los peticionarios, unos vecinos de escasos recursos económicos del Barrio Beatriz de Caguas, Puerto Rico, y el propio Municipio de Caguas, presentaron una acción en el Tribunal de Primera Instancia contra Telecorp

Communications, Inc. (TCI), una empresa subsidiaria de AT & T.  Alegaron que, como consecuencia de las obras de construcción de una torre de telecomunicaciones por TCI en un terreno colindante a las residencias de los vecinos referidos, éstos habían sufrido daños, tales como el agrietamiento de sus residencias y el deslizamiento de terrenos, que ponían las vidas de los vecinos en riesgo inminente.  Alegaron también que TCI no les había notificado su solicitud de permiso de construcción presentado ante la Administración de Reglamentos y Permisos (ARPE); que ésta había concedido el permiso en cuestión ilícitamente[1]; y que tampoco se les había notificado de la decisión de la ARPE concediendo dicho permiso.

Como parte de su acción, los peticionarios solicitaron que se emitiera un injunction preliminar y permanente contra TCI prohibiéndole continuar con la construcción de la torre y ordenándole reinstalar el terreno en cuestión a su estado original, a los fines de evitar que ocurrieran más deslizamientos de tierra.  Solicitaron además la indemnización de los daños y perjuicios que habían sufrido por la alegada obra ilícita. Finalmente, solicitaron que se declarase inconstitucional la disposición del Reglamento de Emergencia para Proyectos de Construcción de Facilidades de Telecomunicaciones que prohíbe ubicar torres como la de marras a 50 metros de planteles escolares pero las permite a menor distancia cuando se trata de residencias.

TCI contestó la acción mediante una solicitud de desestimación. Alegó que el remedio solicitado era tardío y académico, ya que la torre en cuestión ya había sido construida.  Alegó también que los peticionarios no habían agotado los remedios administrativos.

Luego de celebrada una vista evidenciaria, el 4 de octubre de 1999 el foro de instancia emitió una resolución y ordenó preliminarmente la paralización de todo tipo de construcción así como de todo movimiento de vehículos y objetos pesados en el solar objeto de la controversia, hasta la celebración del juicio en sus méritos. A base de la prueba recibida, el foro de instancia concluyó que la salud y la seguridad de los vecinos demandantes, todas personas indigentes, estaban en riesgo debido a un problema grave de deslizamiento de tierra y por el agrietamiento de sus residencias, que eran consecuencia "aparentemente de los movimientos de tierra y trabajos que se han estado realizando" en el solar de TCI en cuestión.

Inconforme con el referido injunction preliminar, TCI acudió ante el Tribunal de Circuito de Apelaciones, para impugnar la resolución del foro de instancia. El 29 de febrero de 2000, el foro apelativo dictó una sentencia mediante la cual no sólo dejó sin efecto el injunction preliminar en cuestión sino que además ordenó la desestimación de la demanda presentada por los peticionarios. **Fundamentó tal dictamen exclusivamente en su criterio**

---

[1] Según esta alegación, la ARPE eximió a TCI de obtener las autorizaciones correspondientes de la Junta de Calidad Ambiental, del Departamento de Recursos Naturales y de la FAA.

**de que los peticionarios tenían que agotar los remedios administrativos antes de presentar su acción judicial.**

Oportunamente los peticionarios recurrieron ante nos e hicieron el siguiente señalamiento de error:

> Incidió el tribunal apelativo al dejar sin efecto el injunction por no haberse agotado los remedios administrativos ya que los vecinos peticionarios, según determinó el tribunal sentenciador, habían sufrido y estaban sufriendo daños irreparables debido a la construcción de la torre por parte de TCI. Además, los vecinos-peticionarios no fueron notificados del procedimiento instando en ARPE antes de concederse el permiso de construcción a TCI; y prohibiéndose la ubicación de torres de telecomunicaciones cerca de planteles escolares, pero permitiéndose dichas torres a menor distancia de sus viviendas, se violaban los derechos constitucionales al debido proceso y a la igual protección de las leyes de los peticionarios.

El 17 de marzo de 2000 expedimos el recurso solicitado para revisar la sentencia del foro apelativo. El 24 de mayo de 2000 los peticionarios presentaron su alegato, y el 5 de julio de 2000 la parte recurrida presentó el suyo. Con el beneficio de ambas comparecencias, pasamos a resolver.

II

Es menester comenzar el análisis de la controversia ante nuestra consideración señalando que el foro apelativo en su sentencia en el caso de autos discute extensamente aspectos de la "doctrina de agotamiento de remedios administrativos" pero escasamente identifica cuáles fueron los remedios concretos que supuestamente los peticionarios debieron agotar antes de acudir al foro judicial. Sobre el particular sólo señaló lo siguiente:

> **"Las personas perjudicadas por una determinación tomada por ARPE, en procedimientos en el que ellas no fueron partes, no están libres de recurrir directamente al foro administrativo. El recurso que les asiste es la intervención y solicitud de reconsideración ante la propia agencia."**

Conforme al señalamiento aludido, el foro apelativo desestimó la acción de los peticionarios porque éstos no habían acudido previamente ante la ARPE a solicitar intervención en un procedimiento que ya se había realizado allí, para pedir la reconsideración de la decisión que la ARPE ya había emitido de conceder el permiso de construcción.

El referido dictamen del foro apelativo es erróneo, por varias razones distintas, que en este caso están íntimamente relacionadas unas con otras. Veamos.

III

Es doctrina reiterada de este Tribunal que la norma de agotamiento de remedios administrativos procura que cuando una parte desea obtener un remedio en una agencia, esa parte debe utilizar todas las vías administrativas disponibles para ello antes de recurrir al tribunal. Colón v. Méndez, 130 D.P.R. 433, 455 (1992). Se persigue con esta norma posponer la etapa en la cual el litigante puede recurrir a los tribunales hasta que hayan concluido

todos los trámites administrativos pertinentes. <u>Rivera v. E.L.A.</u>, 121 D.P.R. 582 (1988). La norma de agotamiento, pues, tiene el propósito de dilucidar cuándo es el momento apropiado para que los tribunales intervengan en una controversia que había sido previamente sometida a una intervención administrativa. <u>Vélez Ramírez v. Romero Barceló</u>, 112 D.P.R. 716, 722 (1982); <u>E.L.A. v. 12974.78 Metros Cuadrados</u>, 90 D.P.R. 500, 513 (1964). Es decir, su objetivo es determinar la etapa en la cual el litigante en el foro administrativo puede recurrir a los tribunales. <u>Delgado Rodríguez v. Nazario Ferrer</u>, 121 D.P.R. 347 (1988). En particular, la norma persigue que no haya revisión judicial de la decisión administrativa hasta que la parte afectada haya utilizado todos los procedimientos correctivos ofrecidos por el propio proceso administrativo. <u>Colón v. Méndez</u>, <u>supra</u>. La norma existe para evitar que se obvie el procedimiento de revisión interna de la agencia a fin de acelerar la revisión judicial. <u>Quiñones v. ACAA</u>, 102 D.P.R. 746, 749 (1974). Es por lo anterior que la propia sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 L.P.R.A. sec. 2172, dispone que para poder solicitar la revisión judicial la "parte adversamente afectada por una orden o resolución final de una agencia" tiene que haber "agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente". En efecto, la disposición de la Ley de Procedimiento Administrativo Uniforme (LPAU) que provee para el relevo de la obligación de agotar remedios, sec. 4.3, 3 L.P.R.A. sec. 2173, es parte del capítulo de la LPAU que trata sobre la revisión judicial de órdenes administrativas.

Debe notarse que de ordinario la norma de agotamiento de remedios administrativos se aplica en casos en los cuales una parte, que instó o tiene instada alguna acción ante una agencia u organismo administrativo, recurre a algún tribunal sin antes haber completado todo el trámite administrativo disponible. Es decir, la norma se invoca usualmente **para cuestionar la acción judicial de un litigante que acudió originalmente a un procedimiento administrativo o era parte de éste** y que recurrió luego al foro judicial aunque aún tenía remedios administrativos disponibles. Tal ha sido la situación en la generalidad de los casos recientes en los cuales este Tribunal ha discutido la norma. Véanse, <u>Igartúa de la Rosa v. Adm. Derecho al Trabajo</u>, Res. el 23 de diciembre de 1998, 147 D.P.R. ___, 98 TSPR 170, 98 JTS 157; <u>Junta Exam. Tecnólogos Médicos v. Elías</u>, res. el 26 de noviembre de 1997, 144 D.P.R. ___, 97 JTS 141; <u>Guadalupe Pérez v. Saldaña</u>, 133 D.P.R. 42 (1993); <u>Colón v. Méndez</u>, <u>supra</u>; <u>Mercado Vega v. U.P.R.</u>, 128 D.P.R. 273, 280 (1991); <u>Rivera v. E.L.A.</u>, <u>supra</u>; <u>Delgado Rodríguez v. Nazario de Ferrer</u>, <u>supra</u>; <u>Vélez Ramírez v. Romero Barceló</u>, <u>supra</u>; <u>Febres v. Feijó</u>, 106 D.P.R. 676 (1978); <u>Quiñones v. A.C.A.A.</u>, <u>supra</u>; <u>López de Victoria v. Soler Favale</u>, 101 D.P.R. 710 (1973); <u>Viuda de Iturregui v. E.L.A.</u>, 99 D.P.R. 488 (1970).

Como puede deducirse de todo lo anterior, pues, el agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase el procedimiento administrativo referido. Por ello, para que pueda aplicarse la doctrina de agotar remedios

y proceda resolverse que la parte concernida no puede acudir todavía al foro judicial, es menester que exista aún alguna fase del procedimiento administrativo que la parte concernida deba agotar. **Sobre todo, es evidentemente necesario que la parte peticionaria ante el foro judicial sea la misma parte que participó en el procedimiento administrativo pero que no agotó la fase de éste que estaba aún pendiente.**

En el caso de autos, los peticionarios **no eran ni habían sido partes** de procedimiento administrativo alguno antes de instar su acción judicial. Previo a presentar su demanda en el tribunal de instancia, no habían sometido asunto alguno sobre el particular a una agencia u organismo administrativo, ni tenían ningún asunto pendiente allí para revisión interna o procedimiento correctivo de la agencia. Es evidente, pues, que a ellos no les aplicaba la norma de agotar remedios administrativos, como erróneamente resolvió el foro apelativo. No puede exigírsele a la persona que acude inicialmente al foro judicial que agote los remedios de un procedimiento administrativo en el cual tal persona no ha participado antes ni ha sido parte de éste de modo alguno. Erró, pues, el Tribunal de Circuito de Apelaciones al ordenar la desestimación de la acción judicial en el caso de autos fundada su orden en que los demandantes no habían agotado los remedios administrativos ante A.R.P.E. No aplica aquí la doctrina de agotar remedios.


IV

En el caso de autos, el foro apelativo resolvió que ante ARPE a los peticionarios "les asistía" la intervención y la solicitud de reconsideración. Esos eran los "remedios" que supuestamente debían agotar antes de recurrir al foro judicial. El Tribunal de Circuito de Apelaciones señaló específicamente que aunque los peticionarios no estaban libres de recurrir directamente al foro administrativo, debían acudir a éste mediante la intervención y la solicitud de reconsideración. Este dictamen del foro apelativo podría interpretarse como que dicho foro estimó que los peticionarios debían plantear su reclamación **inicialmente** a ARPE, antes de acudir al foro judicial. Es decir, aunque el tribunal apelativo invocó la doctrina de agotar remedios, es posible que lo que tuviese en mente mas bien fuese **la doctrina de jurisdicción primaria.** Ya antes hemos señalado que aunque son distintas, las doctrinas de jurisdicción primaria y la de agotar remedios administrativos están estrechamente entrelazadas, <u>Aguiló Delgado v. P.R. Parking System</u>, 122 D.P.R. 261, 266 (1988), y a veces tienden a confundirse, <u>E.L.A. v. 12974 Metros Cuadrados</u>, <u>supra</u>, a la pág. 513.

Como se sabe, la doctrina de la jurisdicción primaria tiene el propósito de determinar dónde debe instarse inicialmente una reclamación, cuando tanto una agencia administrativa como el foro judicial poseen jurisdicción concurrente sobre dicha reclamación. <u>Colón v. Méndez</u>, <u>supra</u>; <u>Aguilú v. P.R. Parking System</u>, <u>supra</u>. Conforme a ésta doctrina, la reclamación debe considerarse inicialmente en el foro administrativo si dicha reclamación

contiene cuestiones de hecho que requieran el ejercicio de la discreción administrativa o la aplicación del conocimiento especializado que éste posee. También es necesario que el foro administrativo pueda otorgar los remedios solicitados por la parte reclamante. Ortiz v. Coop. Ahorro y Crédito, 120 D.P.R. 253 (1987); First Fed. Savs. v. Asoc. de Condómines, 114 D.P.R. 426 (1983); Ferrer Rodríguez v. Figueroa, 109 D.P.R. 398 (1980). Se trata de una doctrina de deferencia a la agencia administrativa en casos de jurisdicción concurrente cuando existen razones importantes para justificar tal deferencia. No se trata de una deferencia que se extienda automáticamente. En cada caso que se considera al amparo de la doctrina de la jurisdicción primaria es menester sopesar **todos los factores y circunstancias que apuntan o no a la conveniencia de permitir que la reclamación se dilucide inicialmente en el foro administrativo**. Ferrer Rodríguez v. Figueroa, supra, a las págs. 401–402.

A la luz de esta conocida normativa, pasemos a examinar lo resuelto por el tribunal apelativo a los efectos de que los peticionarios no podían acudir al foro judicial porque "les asistía" el recurso de intervención ante A.R.P.E. al igual que la moción de reconsideración allí. Pasemos a sopesar todos los factores y circunstancias pertinentes del caso de autos para ver si lo propio aquí es que sea la agencia administrativa quien considere inicialmente las reclamaciones de los peticionarios.

Para comenzar, debe notarse que la intervención aludida por el foro apelativo no ocurre automáticamente, por mera voluntad del que desea intervenir. Según se dispone claramente en las secciones 3.5 y 3.6 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. secs. 2155–2156, la solicitud de intervención que una persona interesada **puede** presentar ante una agencia, podría ser concedida o **denegada**, conforme a los criterios pertinentes. Véase, Mun. de San Juan v. Junta de Calidad Ambiental, res. el 14 de diciembre de 2000, 2000 TSPR 183, 2000 JTS 193; Rivera v. Morales, Res. el 2 de noviembre de 1999, 149 D.P.R. ___, 1999 TSPR 167, 99 JTS 170. Por lo tanto, no es exactamente correcto resolver, como lo hizo aquí el foro apelativo, que a los peticionarios "les asistía" el recurso de intervención.

Algo similiar debe señalarse sobre la solicitud de reconsideración referida. Como se sabe, la moción de reconsideración tenía antes carácter jurisdiccional. No podía solicitarse la revisión judicial de una determinación administrativa sin antes solicitar la reconsideración administrativa de dicha determinación. Sin embargo, el estado de derecho sobre el particular cambió en mayo de 1996, cuando entró en vigor una enmienda a la sec. 3.15 de la LPAU, 3 L.P.R.A. sec. 2165, que eliminó el carácter jurisdiccional de la moción de reconsideración, y la convirtió en una medida puramente **opcional** al alcance de la parte adversamente afectada por una determinación administrativa. Véase, Aponte Correa v. Policía de Puerto Rico, res. el 5 de diciembre de 1996, 141 D.P.R. ___, 96 JTS 157.

A la luz de lo anterior, es claramente cuestionable que pueda resolverse, como lo intimó el foro apelativo, que los peticionarios estaban obligados a recurrir inicialmente ante ARPE para procurar la intervención en el procedimiento ante esa agencia, y si se les concedía, para pedir entonces la reconsideración del permiso de construcción que dicha agencia le había otorgado a TCI. No parece tener mucha lógica ni sentido jurídico decir que es **obligatorio** acudir al foro administrativo inicialmente cuando tanto el acceso a ese foro como la concesión del remedio que se interesa son puramente discrecionales. Mas aun, en Asoc. de Residentes v. Montebello Dev. Corp., 138 D.P.R. 412 (1995), decisión en la cual descansó el foro apelativo para fundamentar el dictamen en cuestión, lo que señalamos sobre el particular fue que una persona que no había sido parte original en un procedimiento administrativo **podía** defenderse de una determinación adversa emitida en dicho procedimiento mediante el mecanismo procesal de la intervención. Nuestro señalamiento sólo hizo referencia a un curso de acción **potestativo** de la persona afectada. De ningún modo resolvimos allí que dicha persona estaba **obligada** a solicitar la intervención ni que la agencia en cuestión estaba **obligada** a concederla. Nuestro dictamen en ese caso iba dirigido esencialmente a fortalecer el derecho que tienen los vecinos a que se les notifique oportunamente sobre una decisión de ARPE que pueda afectar adversamente su área residencial y a darle a dichos vecinos una opción más para defender su *habitat*. No establecimos allí ninguna obligación de acudir al foro administrativo que impidiese mientras tanto su acceso al foro judicial.

Como resulta, pues, que ni la solicitud de intervención, ni la solicitud de reconsideración eran medidas que los peticionarios estaban **obligados** a presentar ante la ARPE, es por ello también altamente dudoso que no haberlo hecho pueda considerarse razón suficiente para negarle acceso al foro judicial. En otras palabras, es muy cuestionable que el foro administrativo tuviese jurisdicción primaria en un caso como el de autos cuando tanto el acceso a ese foro como la solicitud y la obtención del remedio correspondiente son discrecionales no sólo para la agencia sino también para los peticionarios.

A lo señalado en los párrafos anteriores hay que añadirle una tercera consideración medular. Es evidente de la resolución del foro de instancia en el caso de autos, que los vecinos aquí no sólo no habían sido partes en el procedimiento ante la ARPE sino que, además, **no fueron notificados** de la existencia de ese procedimiento ni de la decisión de la ARPE de conceder el permiso de construcción que se le extendió a TCI para realizar la obra referida. Dichos vecinos no pudieron solicitar su intervención en el procedimiento referido **en un momento oportuno** porque no conocían que éste había sido instado. Tampoco hubieran podido solicitar **a tiempo** la reconsideración de la decisión de la ARPE, de habérsele concedido la intervención correspondiente, porque vinieron a enterarse de dicha decisión luego de comenzadas las labores de construcción de la torre en cuestión, cuando sus propiedades comenzaron a afectarse por dichas labores.

Hemos resuelto antes que el debido proceso de ley requiere la notificación real y efectiva sobre decisiones administrativas en casos como el de autos. <u>Asoc. Residentes v. Montebello Dev. Corp.</u>, <u>supra</u>, a la pág. 421. Nuestra decisión se fundamentó en que los residentes de un área de viviendas tienen un interés legítimo en cuanto al uso y destino de los terrenos colindantes, sobre todo cuando una decisión sobre tales terrenos ha de tener un gran impacto y trascendencia para dichos residentes. Indicamos expresamente que a estos residentes del vecindario, "como personas cercanas... les corresponde velar y defender su inmediato *habitat*." Id, a la pág. 422.

La notificación de la decisión de la ARPE en casos como el de autos es necesaria, pues, para hacer posible que los vecinos afectados por dicha decisión puedan presentar sus reclamos oportunamente ante la ARPE y que esta agencia los considere antes de que su decisión sea final. Id. La notificación es necesaria, además, para que los vecinos afectados puedan cuestionar oportunamente ante los tribunales cualquier dictamen administrativo que le sea adverso. Los remedios posteriores a ese dictamen provistos por reglamentos y estatutos forman parte del debido proceso de ley y la falta de notificación adecuada puede impedir que se procuren tales remedios, enervando así las garantías del debido proceso de ley. Véase, <u>Falcón Padilla v. Maldonado Quirós</u>, 138 D.P.R. 983 (1995). No puede haber duda, pues, de la importancia que tenía para los peticionarios la notificación oportuna no sólo del procedimiento ante la ARPE sino, además, en particular, de la decisión de la ARPE en este caso concediendo un permiso a TCI para construir una torre en el vecindario de los peticionarios. Sobre todo en un caso como el que aquí nos concierne, que involucra a unas personas de escasos recursos económicos que no están versadas en cuestiones legales, era indispensable notificarles efectivamente y a tiempo sobre el procedimiento ante ARPE, y sobre su determinación. Como no se cumplió con dicho requisito, al momento en que los peticionarios acudieron al foro de instancia para invocar su protección, **ya era muy tarde** para exigirles que acudieran primero a ARPE. En vista de que las obras de construcción ya se habían iniciado, poco sentido tenía que al enterarse de ello los peticionarios acudieran primero ante la ARPE a solicitar intervención para que cuando se la concedieran, si se la concedían, proceder entonces a objetar el permiso obtenido por TCI mediante una moción de reconsideración. La falta de notificación oportuna de la determinación de la ARPE autorizando la construcción de la torre de telecomunicaciones convirtió en **inefectivo** el remedio de acudir a la ARPE para solicitar su intervención y luego la reconsideración de tal determinación, en vista de que ésta **ya se había comenzado a ejecutar**. La construcción de la obra autorizada por la ARPE ya había sido iniciada cuando los vecinos al fin llegaron a conocer la decisión administrativa, por lo que era bastante improductivo acudir en ese momento ante la ARPE a pedir la reconsideración del permiso de construcción.

Finalmente, existen otras razones de peso en el caso de autos por las cuales no era menester acudir inicialmente ante el foro administrativo. Reiteradamente hemos resuelto

que se puede obviar el trámite administrativo cuando ello es necesario para evitar daños irreparables al demandante. Véanse, <u>Igartúa de la Rosa v. Adm. Der. al Trabajo</u>, <u>supra</u>, <u>Guadalupe Pérez v. Saldaña</u>, <u>supra</u>, . <u>Colón v. Méndez</u>, <u>supra</u>. El foro de instancia, luego de aquilatar la prueba presentada por ambas partes, determinó que existía aquí un peligro de daño inminente hacia los vecinos peticionarios. Ese daño era el riesgo indudable de deslizamiento de tierras que existía en el lugar y que ponía incluso la vida de los vecinos en grave peligro. Para evitar precisamente este daño fue que los peticionarios acudieron al tribunal a solicitar un injuction.

La propia ley habilitadora de ARPE, Ley Núm. 76 de 24 de junio de 1975, según enmendada, en su Artículo 28 establece el derecho de toda persona a acudir directamente al foro judicial, en preterición del cause administrativo, en cuanto a reclamaciones dirigidas **a evitar estorbos a la propiedad**:

> El Administrador o el Secretario de Justicia en los casos en los que así se solicite a nombre del Pueblo de Puerto Rico, o de cualquier propietario u ocupante de una propiedad vecina . . . podrá entablar recurso de interdicto, *mandamus*, nulidad o cualquier otra acción adecuada para impedir, prohibir, anular, vacar, remover o demoler cualquier edificio construído [sic], o cualquier edificio o uso, hechos o mantenidos en violación de este capítulo o de cualesquiera reglamentos adoptados conforme a la ley y cuya estructuración le haya sido encomendada a la Administración.
>
> **Esta autorización no priva a cualquier persona a incoar el procedimiento adecuado en ley para evitar infracciones a este capítulo y a todos los reglamentos relacionados con la misma, para evitar cualquier estorbo (nuisance) o adyacente, o en la vecindad, de la propiedad o vivienda de la persona afectada. 23 L.P.R.A. sec. 72** (énfasis suplido).

Esta disposición claramente codifica el derecho que tiene toda persona a acudir a un tribunal en casos como el presente y revela la intención legislativa de favorecer el foro judicial ante reclamos de ciudadanos para evitar estorbos en su propiedad o vecindad. El que la agencia pueda acudir al tribunal a iniciativa propia o ajena, no implica que la persona se vea privada de proseguir la reclamación pertinente pues, según la ley, esa autorización "no priva a cualquier persona" de hacerlo. Así pues, hemos reconocido que entre los remedios que se pueden solicitar vía este artículo se encuentra el de interdicto para, *inter alia*, remover o demoler cualquier edificación que represente un estorbo para su propiedad o a su vecindario. <u>ARPE v. Rodríguez</u>, 127 D.P.R. 793 (1991).

En el presente caso, los peticionarios reclamaron judicialmente que se emitiera un injunction preliminar, así como la paralización permanente de la construcción, la demolición de las obras y la restauración del terreno a su estado original en aras de impedir ulteriores deslizamientos en los terrenos de su propiedad. Lo reclamado es precisamente el tipo de demanda que el mencionado estatuto contempla, por lo que la misma pertenece al ámbito judicial. Claramente, aun cuando la construcción impugnada esté aprobada administrativamente, en estos casos el remedio apropiado a ser solicitado es el de injunction. Véase <u>Asoc. Villa Caparra v. Iglesia Católica</u>, 117 D.P.R. 346, 353-54 (1986).

También debe considerarse que los dos otros reclamos judiciales primordiales de los peticionarios rebasaban la autoridad y la pericia de la ARPE. Los vecinos en cuestión

acudieron al tribunal de instancia en gran medida para que éste le otorgase una indemnización por los daños y perjuicios que habían sufrido por la construcción de la torre de TCI, y para que se declarase inconstitucional la reglamentación que autorizaba las construcciones de tales torres. Ambas reclamaciones medulares eran asuntos estrictamente de derecho, para los cuales la intervención inicial de la agencia administrativa no era de ningún modo necesaria o procedente. Véanse, Igartúa de la Paz v. Adm. de Der. al Trabajo, supra; Colón v. Méndez, supra; Vélez Ramírez v. Romero Barceló, supra. Por ello, no podía el foro apelativo desestimar toda la causa de acción de los peticionarios como lo hizo. El caso de autos, pues, presentaba también varias de las situaciones clásicas por razón de las cuales no procede que se acuda primero al proceso administrativo antes de proceder al foro judicial. Con respecto a ellas, claramente no tenía jurisdicción primaria ARPE. [2]

En resumen, considerados todos los factores y circunstancias pertinentes del caso de autos, resolvemos que erró el Tribunal de Circuito de Apelaciones al negar la intervención judicial. Por estas razones también erró el foro apelativo al revocar el dictamen del foro de instancia y desestimar toda la acción de los peticionarios.

V

Por los fundamentos expuestos, se dictará sentencia para dejar sin efecto la del foro apelativo en el caso de autos y para devolverlo al foro de instancia para que continúen allí los procedimientos pendientes.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

---

[2] El hecho de que además de las reclamaciones referidas se haya impugnado la legalidad del otorgamiento del permiso de construcción no justifica el envío de este caso al foro administrativo. Ciertamente ese aspecto de la reclamación de cuya solución no depende la resolución de los demás asuntos, de ordinario puede ser propio para la aplicación de la doctrina de jurisdicción primaria pues su consideración puede requerir del empleo de conocimiento especializado y pericia administrativa. No obstante, nos inclinamos aquí a favorecer que sea el foro judicial el que atienda aún este aspecto de la reclamación, por las razones señaladas antes, y además, en aras de la más económica y pragmática diligencia procesal y así evitar una bifurcación innecesaria de este procedimiento. Duplicación que transgrediría la flexibilidad y eficiencia que caracterizan al derecho administrativo. Véase, Ortiz v. Cooperativa de Ahorro y Crédito, 120 D.P.R. 253, 264 (1987) ("El mero hecho de la impugnación del Reglamento de la Cooperativa no amerita que se remita a la agencia administrativa la totalidad de la controversia").

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Municipio de Caguas, Et als

      Peticionarios

  vi.                                  CC-2000-238      Certiorari

AT & T Wireless PCS, Inc.,
Et als.

      Recurridos

## SENTENCIA

San Juan, Puerto Rico, a 18 de junio de 2001.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente sentencia, se deja sin efecto la del foro apelativo en el caso de autos y se devuelve al foro de instancia para que continúen allí los procedimientos pendientes.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río disiente sin opinión escrita. Los Jueces Asociados señores Rebollo López y Rivera Pérez no intervinieron.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo