Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| CHERY M. NEGRÓN ROSARIO<br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE JUSTICIA y OTROS<br>Apelada | TA2026AP00121 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2025CV06583<br><br>Sobre:<br>Ley 115, Represalias |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de abril de 2026.

Comparece la señora Chery M. Negrón Rosario (señora Negrón Rosario o apelante), mediante recurso de apelación. Solicita la revocación de la *Sentencia* emitida en su contra por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 24 de noviembre de 2025. A través de dicho dictamen, el TPI desestimó sin perjuicio la reclamación sobre represalias contenida en la *Demanda* presentada por la apelante. Al así decidir el foro primario plasmó en su Sentencia que:

> Si bien el Tribunal tiene jurisdicción para atender la alegación de represalias, al éstas fundamentarse en los actos previos que están ante la consideración de la CASP, procede declinar nuestra jurisdicción hasta tanto la CASP atienda los reclamos para los cuales tiene jurisdicción exclusiva.[1]

Contrario a ello, la parte apelante arguye ante nosotros que: la Comisión Apelativa del Servicio Público (CASP) carece de jurisdicción primaria exclusiva sobre la referida causa de acción; que no hay procesos administrativos que agotar referentes a dicha causa de acción; que esperar

---
[1] Entrada Núm. 13 de SUMAC.

por el resultado de los procesos iniciados ante la CASP le causaría daños irreparables.

No nos persuade, *confirmamos.*

## I. Resumen del tracto procesal

El 21 de julio de 2025, la señora Negrón Rosario presentó la *Demanda* de epígrafe contra el Estado Libre Asociado de Puerto Rico (ELA) y el Departamento de Justicia de Puerto Rico (DJ o apelado), al amparo de la Ley Núm. 115-1991, según enmendada, conocida como la *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial* (Ley de Represalias), 29 LPRA secs. 194 *et seq.*[2]

Con especificidad, desde la quinta alegación incluida en la *Demanda,* hasta la cuarenta y tres, la apelante describió una serie de situaciones ocurridas en su lugar de trabajo que, a su juicio, constituía conducta ilegal del patrono. A modo de ejemplo, luego de afirmar ser Abogada Senior de la División de Daños y Perjuicios del Departamento de Justicia, alegó que desde el 2018: 1) la Licenciada Wandymar Burgos Vargas, Secretaria Auxiliar de lo Civil en el Departamento de Justicia, preguntaba a otros empleados por su localización de manera constante; 2) le fue denegada una solicitud de traslado de forma arbitraria; 3) se violentó el principio de antigüedad con respecto a la reasignación de su personal administrativo y la asignación de los estacionamientos; 4) se le remitió la notificación defectuosa de ciertas evaluaciones; 6) tuvo evaluaciones en las que se le imputó insubordinación por radicar mociones dispositivas sin autorización de su supervisor, por negarse a atender casos y tareas asignadas, y conducta irrespetuosa hacia el Procurador General, sin alegadamente haber recibido antes quejas sobre su conducta; entre otros.

Entonces, en su alegación cuarenta y cuatro adujo lo que sigue:

---

[2] Entrada Núm. 1 de SUMAC.

44. Todas las alegaciones manifestadas hasta el momento han sido oportunamente alegadas en el Caso Núm: 2019-05-0337, sobre IMPUGNACIÓN DE EVALUACIÓN, VIOLACIÓN DE DERECHOS CONSTITUCIONALES, HOSTIGAMIENTO Y REPRESALIAS que la demandante presentó ante la Honorable Comisión Apelativa del Servicio Público. La Honorable Comisión no ha atendido ninguno de los alegatos.[3]

A renglón seguido, la apelante continuó alegando haber sido sujeto de un proceso administrativo que tuvo como resultado su suspensión de empleo y sueldo, asunto que también llevó a la atención de la CASP, y su posterior visita a la Corporación del Fondo del Seguro del Estado, por una situación con su supervisora. Entonces, luego de citar el Artículo 2 de la Ley 115 de 1991, según enmendada, 29 L.P.R.A. § 194b, aseveró que, "luego de realizar quejas y querellas internas en búsqueda de que se respetaran las órdenes administrativas del Departamento de Justicia, la licenciada Negrón Rosario ha sufrido un patrón de represalias que le han producido serias angustias mentales".[4] Finalizó reclamando que las acciones descritas les causaron daños por angustias mentales ascendientes a $100,000.00.

En respuesta, la parte apelada presentó una *Moción de Desestimación sin Sumisión a Jurisdicción del Tribunal,* al amparo de la Regla 10.2 (5) de Procedimiento Civil.[5] En síntesis, argumentó que de las mismas alegaciones de la Demanda surgía, que estaba reclamando ante el TPI la adjudicación de las mismas controversias que ya había presentado ante la CASP. Sobre lo mismo, añadió que las alegaciones incluidas en la Demanda referían a asuntos de la pericia de dicho foro administrativo, sobre si las determinaciones administrativas del Departamento de Justicia constituían acciones administrativas laborales válidas en Derecho, o si fueron acciones ilegales constitutivas de represalias. Por tanto, solicitó al foro apelado que desestimase la reclamación judicial presentada, toda vez que la CASP poseía jurisdicción exclusiva sobre las controversias ante su consideración.

---

[3] *Id.*

[4] *Id.*

[5] Entrada Núm. 5 de SUMAC.

En desacuerdo, la parte apelante presentó una *Oposición a Moción de Desestimación.*[6] Arguyó que no existía jurisdicción primaria exclusiva de la CASP sobre la controversia planteada ante el TPI, así como tampoco debía agotarse remedio alguno para solicitar indemnización al TPI al palio de la Ley de Represalias.

A partir de lo cual, el 6 de noviembre de 2025, se celebró una vista argumentativa en la que el TPI escuchó las posturas de las partes acerca de la moción dispositiva pendiente y su oposición.[7] Además, la parte apelada solicitó al foro impugnado que tomase conocimiento sobre la presentación de la acción de represalias ante la CASP.[8]

Como adelantado, ponderada la posición de las partes, el TPI emitió la *Sentencia* cuya revocación se nos solicita, desestimando la causa de acción incoada.[9] Al así decidir, dicho foro razonó que, conforme al estado de Derecho vigente, es la CASP quien tiene jurisdicción exclusiva para atender los reclamos sobre la evaluación de desempeño, actos sobre asignación y/o despojo de tareas, casos y deberes, y la impugnación de suspensión. Asimismo, dispuso que la CASP tiene jurisdicción para conceder daños y perjuicios, y restitución, si procediese. Con relación a la acción de represalias, concluyó que, aunque el TPI tenía jurisdicción para atender estas alegaciones, correspondía declinar atenderlas, hasta tanto la CASP resolviese primero los reclamos que tiene ante su consideración. Acotó que la causa de acción por represalias incluida en la Demanda se fundamenta precisamente en los hechos que están ante la consideración de la acción pendiente ante la CASP.

Inconforme, la apelante presentó una moción de *Reconsideración,* que fue denegada.

Ante ello, la señora Negrón Rosario presentó el recurso de *Apelación* que nos ocupa, imputándole al TPI la comisión del siguiente error:

---

[6] Entrada Núm. 7 de SUMAC.
[7] Entrada Núm. 12 de SUMAC.
[8] *Id.*, pág. 2.
[9] Entrada Núm. 13 de SUMAC.

> Erró el TPI al concluir que existía jurisdicción concurrente con la Comisión Apelativa del Servicio Público en la reclamación de represalias en el empleo y por tal razón, desestimar sin perjuicio la Demanda presentada por la parte recurrente.

La parte apelada también compareció ante nosotros, mediante escrito en *Oposición*. En resumen, arguyó que era importante distinguir la causa de acción judicial presentada por la apelante, de los hechos que sirven como fundamento a la referida reclamación. Argumentó que, aunque el TPI posee jurisdicción para atender una causa de acción por represalias, le corresponde a la CASP inicialmente determinar los hechos relativos a si las actuaciones impugnadas ante dicho foro constituyeron actuaciones administrativas legítimas o ilegales. Además, sostuvo que la CASP ostenta jurisdicción primaria exclusiva para atender reclamaciones relacionadas a acciones de personal, como impugnaciones de evaluaciones, asignación de tareas y medidas disciplinarias de suspensión, concebidas en la Demanda instada ante el TPI. Expresó que, como la *Demanda* de represalias se basa en esos actos, el TPI carece de pericia inicial para pronunciarse sobre su legalidad.

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

**II. Exposición de Derecho**

**A. La Moción de desestimación**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, autoriza a la parte contra la cual se presente una alegación a presentar una moción de desestimación por los fundamentos siguientes: falta de jurisdicción sobre la materia; falta de jurisdicción sobre la persona; insuficiencia del emplazamiento; insuficiencia del diligenciamiento del emplazamiento; dejar de exponer una reclamación que justifique la concesión de un remedio, y dejar de acumular una parte indispensable. *Cobra Aquisitions, LLC., v. Mun. de Yabucoa,* 210 DPR 384, 396 (2022); *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1066 (2020).

Cuando se considera una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante. *Cobra Aquisitions, LLC., v. Mun. de Yabucoa,* supra; *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013). Ello, debido a que lo que se ataca es un vicio intrínseco de la demanda, no los hechos aseverados. R. Hernández Colón, *Derecho Procesal Civil,* 5ta ed., San Juan, Ed. LexisNexis, 2010, pág. 269. Para que proceda una moción de desestimación, el Tribunal debe convencerse de forma certera que "el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank, supra,* pág. 49, citando a *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013).

### B. La jurisdicción primaria y concurrente

Entre las doctrinas de abstención judicial, se encuentra la doctrina de jurisdicción primaria. Esta atiende el problema de determinar si el foro con jurisdicción para ventilar una controversia en primera instancia es el tribunal o la agencia administrativa, lo cual establece un sistema de prelación o prioridad jurisdiccional. *Procuradora Paciente v. MCS,* 163 DPR 21 (2004); *Asoc. Pesc. Pta. Figueras v. Pto. del Rey,* 155 DPR 906, 921 (2001); *Mun. de Caguas v. AT & T,* 154 DPR 401, 410 (2001); *Aguilú Delgado v. P.R. Parking System,* 122 DPR 261, 266 (1988). La doctrina de jurisdicción primaria tiene dos modalidades: (1) la jurisdicción primaria concurrente; (2) la jurisdicción primaria exclusiva. *Rivera Ortiz v. Mun. de Guaynabo,* 141 DPR 257, 267 (1996) (citando a *Paoli Méndez v. Rodríguez,* 138 DPR 449, 469 (1995)).

La **jurisdicción primaria concurrente** alude a que tanto el foro judicial, como el administrativo, tienen simultáneamente jurisdicción legal

para entender en la controversia, pero usualmente el foro judicial le brinda deferencia al foro administrativo para entender en la controversia. Esto último encuentra su fundamento en la teoría de que *los foros administrativos están mejor equipad[o]s que los tribunales debido a su especialización y al conocimiento obtenido a través de la experiencia. Ortiz v. Panel F.E.I*, 155 DPR 219, 243 (2001).

La **jurisdicción primaria exclusiva** se refiere a que una ley o un estatuto le confiere jurisdicción a determinado ente administrativo como único foro con facultad para resolver, inicialmente, determinada controversia. Por tanto, si una agencia cuenta con la jurisdicción primaria exclusiva, *los tribunales no tendrán autoridad para dilucidar el caso en primera instancia*". *SLG Semidey Vázquez v. ASIFAL*, 177 DPR 657, 677 (2009); *Municipio Arecibo v. Municipio Quebradillas*, 163 DPR 308, 327 (2004). Ha sido enfatizado que *[p]ara determinar si la ley le confiere o no jurisdicción exclusiva a un organismo administrativo, aun cuando la designación de jurisdicción exclusiva debe ser clara y precisa, el legislador no siempre utiliza el término "exclusiva". Báez Rodríguez et al. v. E.L.A.*, supra, pág. 241. De conformidad, *[p]ara privar a un tribunal de jurisdicción general de su autoridad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria. Junta Dir. Cond. Montebello v.* Fernández, 136 DPR 223 (1994) (Sentencia).

### C. Agotamiento de Remedios Administrativos

Se ha reconocido la **doctrina de agotamiento de remedios administrativos** como otra norma de **autolimitación judicial**. (Énfasis provisto). *Procuradora Paciente v. MCS*, supra, pág. 35. Esta determina **"cuándo es el momento apropiado para que los tribunales intervengan en una controversia que [ha] sido previamente sometida ante la atención de una agencia administrativa"**. (Énfasis y subrayado provistos). *Guzmán y otros v. E.L.A.*, 156 DPR 693, 712 (2002). Esta norma, además, procura **"[evitar]** una intervención **judicial innecesaria y a destiempo** que tienda a

interferir [con] el cauce y desenlace normal del procedimiento administrativo". (Énfasis provisto). *Delgado Rodríguez v. Nazario de Ferrer,* 121 DPR 347, 355 (1988).

Para que se pueda invocar la norma de agotamiento de remedios administrativos, tiene que haber "una parte, que instó o tiene instada alguna acción ante una agencia u organismo administrativo, [que] recurre a algún tribunal sin antes haber completado todo el trámite administrativo disponible". *Mun. de Caguas v. AT & T,* supra, pág. 408 (2001). En otras palabras, se invoca "para cuestionar la acción judicial de un litigante **que acudió originalmente a un procedimiento administrativo** o era parte de éste y **que recurrió luego al foro judicial, aunque aún tenía remedios administrativos disponibles".** (Énfasis provisto). *Id.*

Si resultara aplicable la doctrina de agotamientos de remedios administrativos, **los tribunales deben abstenerse de intervenir hasta tanto la agencia haya atendido el asunto**. (Énfasis provisto). *S.L.G. Flores-Jiménez v. Colberg,* 173 DPR 843, 851 (2008). De ello se sigue que los tribunales no deben intervenir en controversias que están pendientes ante la agencia y aún falta completar el trámite administrativo. *Mun. de Caguas v. AT & T,* supra, págs. 408-409. En resumen, esta doctrina implica que, antes de acudir a un tribunal, la parte que desea obtener un remedio deberá utilizar todos los medios administrativos disponibles, pues, de lo contrario, la revisión judicial no estará disponible. *AAA v. UIA,* 200 DPR 903, 913 (2018).

Precisa destacar que, la presentación de una reclamación en daños en los tribunales *no* puede ser utilizada como un subterfugio para burlar la obligación de agotar los remedios administrativos o para restarle finalidad a una determinación administrativa cuando, *inmersa en la reclamación judicial,* subyacen controversias que requieren ser adjudicadas inicialmente por el foro administrativo. *Guzmán v. E.L.A.,* 156 DPR 693, 715 (2002).

Aunque se requiere agotar los remedios administrativos antes de acudir al foro judicial, la Sección 4.3 de la LPAU, 3 LPRA sec. 9673 establece algunas excepciones:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

Nuestro más alto foro ha establecido que "es doctrina firmemente establecida, que para que proceda un reclamo por la violación de un derecho garantizado constitucionalmente, a los fines de eludir el cauce administrativo, es necesario que se demuestre la existencia de un agravio de patente intensidad que justifique desviarse del mencionado cauce. *Mercado Vega v. U.P.R.*, 128 DPR 273, 286 (1991). Además, "[e]l mero hecho de invocar una cuestión constitucional no margina automáticamente el proceso administrativo. Aunque es a los tribunales a quienes compete toda interpretación constitucional, ello no implica que una simple alegación al efecto excluya el foro administrativo". *First Fed. Savs. v. Asoc. De Condomines*, 114 DPR426, 438-39 (1983). Por lo tanto, "la parte que pretende acudir al foro judicial [debe] probar, mediante hechos específicos y bien definidos, que se debe prescindir de los remedios administrativos". *Oficina del Paciente v. MCS*, supra a la pág. 36.

### D. Jurisdicción de la Comisión Apelativa de Servicio Público (CASP)

El Plan de Reorganización Núm. 2-2010, según enmendado, conocido como el *Plan de Reorganización de la Comisión Apelativa del Servicio Público* (Plan de Reorganización de la CASP), mediante el cual se creó la CASP, fue promulgado con el propósito de promover una estructura gubernamental que responda a las necesidades reales de los puertorriqueños y que, a su vez, contribuya a generar una mejor calidad de vida para estos. Art. 2 del Plan de

Reorganización de la CASP (3A LPRA Ap. XIII, Artículo 2). La CASP es "un organismo cuasi-judicial de la Rama Ejecutiva, **que se especializa en asuntos obrero-patronales y del principio de mérito**". *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013). (Énfasis provisto). **Fue creada para atender casos laborales, de administración de recursos humanos y querellas de los empleados públicos**. *Id.* (Énfasis provisto).

En referencia al mencionado *principio de mérito*, ha sido descrito como:

[C]oncepto de que todos los empleados públicos serán seleccionados, ascendidos, retenidos y tratados en todo lo referente a su empleo sobre la base de la capacidad, sin discrimen por razones de raza, color, sexo, nacimiento, edad, origen o condición social, ni por sus ideas políticas o religiosas, por ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual o acecho, condición de veterano, ni por impedimento físico o mental. La antigüedad será un factor en casos de igual capacidad e idoneidad. Art. 3 del Plan de Reorganización de la CASP (3A LPRA Ap. XIII, Artículo 3).

Sobre lo mismo, nuestro Tribunal Supremo ha expresado que las acciones relacionadas al principio de mérito son: clasificación de puestos, reclutamiento y selección de ascensos, traslados y descensos, adiestramiento y retención. *Colón Rivera et al. v. ELA*, supra, pág. 1051. De igual forma, entre las facultades, funciones y deberes dispuestos en el Artículo 8, inciso (l) del Plan de Reorganización de la CASP, se encuentran que:

Atenderá toda querella o apelación que se presente oportunamente y que concierna a su jurisdicción, para lo cual deberá interpretar, aplicar y hacer cumplir las disposiciones de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, conocida como la "Ley para la Administración de los Recursos Humanos en el Estado Libre Asociado de Puerto Rico".[10] Art. 8 del Plan de Reorganización de la CASP (3A LPRA Ap. XIII, Artículo 8).

La CASP tendrá **jurisdicción exclusiva** sobre apelaciones surgidas como consecuencia de **acciones o decisiones de los Administradores Individuales** y los municipios, en los casos y por las personas que se enumeran a continuación:

a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley Núm. 184 de 3 de agosto de 2004, según

---

[10] Derogada y sustituida por la Ley 8-2017 y reglamentación vigente, en todo lo relativo a la administración de los recursos humanos y la relación obrero patronal.

enmendada [Nota: Derogada y sustituida por la Ley 8-2017], la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como la "Ley de Municipios Autónomos", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;

b) cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito;

c) cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera, según dispone la Ley Núm. 110 de 26 de junio de 1958, según enmendada, conocida como "Ley de Empleados Irregulares" *[Nota: Derogada y sustituida por la Ley 89-2016, según enmendada, "Ley de Empleo Temporal en el Servicio Público"]*;

d) cuando un Administrador Individual alegue que una acción, omisión o decisión de la Oficina es contraria a las disposiciones generales de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada *[Nota: Derogada y sustituida por la Ley 8-2017]*, en las áreas esenciales al principio de mérito;

e) la Comisión tendrá jurisdicción sobre el personal docente y clasificado del Departamento de Educación y el personal civil de la Policía de Puerto Rico, que no estén sindicados bajo la Ley Núm. 45 de 25 de febrero de 1998, según enmendada;

f) la Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada *[Nota: Derogada y sustituida por la Ley 8-2017]*, y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de la Comisión. El procedimiento y costo para que puedan acogerse a esta jurisdicción se establecerá, mediante reglamento;

g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos. Art. 12 del Plan de Reorganización de la CASP (3A LPRA Ap. XIII, Artículo 12).

De lo que sigue que la CASP es el ente "con jurisdicción apelativa exclusiva para atender y adjudicar las apelaciones de los empleados públicos del Gobierno de Puerto Rico surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en cuanto a las acciones de personal relacionadas con el principio del mérito". *Colón Rivera et al., v. ELA, supra*, pág. 1053.

### E. Ley de Represalias

La Ley Núm. 115-1991, *supra*, prohíbe a todo patrono *despedir, amenazar, o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo*

*porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico.* Art. 1 de la Ley de Represalias (29 LPRA sec. 194a). Ello, siempre que dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley. *Id.*

Para que se configure una causa de acción al amparo de la Ley de Represalias, *supra, [e]l empleado deberá probar la violación mediante evidencia directa o circunstancial.* 29 LPRA sec. 194a. Para ello, *deberá establecer prima facie que participó en una actividad protegida por la Ley 115, supra, y que fue subsiguientemente despedido, amenazado o discriminado. Id.*; *Marín v. Fastening Systems, Inc.,* 142 DPR 499, 511 (1997). Si se probara lo anterior, *el patrono deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido. Id.* De así hacerlo, corresponderá al empleado *demostrar que la razón alegada por el patrono era un mero pretexto para el despido. Id.*

El Artículo 2 de la Ley de Represalias, a su vez, establece que cualquier persona que alegue una violación al estatuto puede instar una acción civil en contra de su patrono dentro del término de tres años de ocurrida la violación y solicitar que "se le compense por los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y honorarios de abogado". Art. 2 de la Ley de Represalias (29 LPRA sec. 194b).

**III. Aplicación del Derecho a los hechos**

a.

Aunque en el escrito de apelación fue señalado un solo error, en la discusión que le siguió se incluyeron varios asuntos relacionados, que atenderemos a continuación.

En un primer asunto, la apelante asevera que no existe una causa de acción pendiente ante la CASP bajo la Ley de Represalia, con el propósito de persuadirnos de que solo corresponde al TPI atender tal controversia, en lugar

del foro administrativo. Sin embargo, como bien observó el foro apelado en su Sentencia, dicha afirmación contrasta frontalmente con la alegación número cuarenta y cuatro incluida en la *Demanda*, donde la propia parte apelante expresamente reconoció que las alegaciones allí contenidas fueron oportunamente alegadas ante la CASP, entre las cuales incluyó la de represalias.

En íntima relación con lo anterior, el TPI determinó que la causa de acción por represalia ante su atención estaba fundamentada precisamente en los mismos hechos que los que tenía ante su consideración la CASP. Añadió el mismo foro que, **si bien el Tribunal ostentaba jurisdicción para atender la alegación de represalias, elegía declinarla**, permitiendo primero la intervención de la agencia especializada en temas de derechos laborales públicos.

Es decir, en modo alguno el TPI juzgó que careciera de jurisdicción para dilucidar el reclamo por represalias que le fue presentado por la apelante en la Demanda, pero, identificada la imbricación de las alegaciones contenidas en el proceso administrativo ya empezado, con las que tenía ante sí, decidió diferir su jurisdicción hasta tanto el órgano administrativo especializados finalizara el proceso ya comenzado.

En efecto, juzgamos que las alegaciones contenidas en la Demanda sobre represalias intersecan con otras también de carácter laboral, de las presentadas por la apelante ante la CASP, que esperan determinación administrativa del foro que especializado en ello. En tal contexto, el curso decisorio del TPI al diferir el ejercicio de su jurisdicción mientras se dilucidan las controversias ante la CASP, enmarca nítidamente dentro de la concepción de la *autolimitación judicial* correspondiente a la doctrina del agotamiento de remedios administrativos.

Según ya dijimos, la doctrina de agotamiento de recursos administrativos, como norma de autolimitación judicial, dispone **cuál es el momento apropiado para que los tribunales intervengan en una**

**controversia que ya ha sido presentada ante una agencia administrativa**. *Guzmán y otros v. E.L.A.*, *supra,* pág. 712. En este caso, no hay duda de que la apelante había instado, y está pendiente por resolverse, una reclamación ante una agencia o ente administrativo, la CASP, pero recurrió al TPI con alegaciones similares, sin haber completado **antes** todo el procedimiento administrativo disponible. *Mun. de Caguas v. AT & T*, *supra*, pág. 408. Ante tal cuadro, afirmamos, el foro apelado estaba habilitado para actuar según lo hizo. De este modo, no se trata de que la CASP carezca de jurisdicción para atender el reclamo sobre represalias, sino del momento oportuno para acudir al TPI para que se dirima esa controversia precisa. No encontramos yerro en dicha determinación, reiteramos.

Compréndase que, recalcamos, aunque sea cierto que la Ley de Represalias admite que se presente la referida causa de acción ante los tribunales de manera independiente, los recursos incoados ante la CASP por la apelante subsumieron asuntos relativos al presunto patrón de represalias experimentado por ésta, que, además, se reflejan en las alegaciones contenidas en la Demanda. A lo que se une que, una sola lectura de las alegaciones contenidas en la Demanda basta para percatarse de que fueron incluidos hechos a ser dirimidos típicos de la pericia de la CASP. Atender los planteamientos en cuestión de manera paralela, en el foro administrativo y el judicial, pudiera producir resultados incompatibles, posibilidad que la autolimitación judicial ataja, por vías de la doctrina del agotamiento de remedios administrativos.

A todas luces, en reconocimiento de lo discutido fue que el TPI desestimó la causa de acción ante su atención **sin perjuicio**, lo que supone que la señora Negrón Rosario podría presentar nuevamente —en su momento— la causa de acción de represalias ante el Tribunal de Primera Instancia.

Por último, la apelante aseveró ante nosotros que esperar por el resultado al que llegue la CASP en el ámbito administrativo sería inadecuado,

por los daños irreparables que seguiría sufriendo en su lugar de trabajo, ante la dilación excesiva en dicho proceso.[11]

A todas luces, tal argumento se dirige a establecer una de las excepciones que permiten el desvío del trámite administrativo iniciado, sin esperar las resultas de este. Sin embargo, la oración aludida en el párrafo que precede resultó en toda la argumentación presentada por la apelante sobre el asunto, lo que resulta insuficiente para conceder que, en efecto, se den las circunstancias que justifican prescindir de la conclusión del trámite administrativo, para en su lugar acudir directamente al foro judicial. En este sentido, la parte apelante falló en demostrar *mediante hechos específicos y bien definidos*, que se deba prescindir del cauce administrativo. *Oficina del Paciente v. MCS*, supra.

Por lo explicado, concluimos que el foro apelado no cometió el error señalado.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, *confirmamos* la *Sentencia* apelada.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Según se sabe, el remedio judicial que tiene disponible una parte afectada cuando la agencia incumple con su obligación de decidir expeditamente es la presentación del *mandamus* o una moción de desestimación ante la agencia concernida. *UPR de Aguadilla v. Lorenzo Hernández*, 184 DPR 1001, 1009-1010 (2012); *Lab. Clínico v. Lab. Borinquen*, 149 DPR 121, 136 (1999).