ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BRIAN E. SANTIAGO LÓPEZ | | *Revisión Administrativa* procedente de la determinación final de la Autoridad Nominadora del Conservatorio de Música |
|---|---|---|
| Recurrente | | |
| v. | | |
| CORPORACIÓN DEL CONSERVATORIO DE MÚSICA DE PUERTO RICO | KLRA202300548 | |
| Recurrido | | Sobre: Reglamento Administrativo Nulo y Determinaciones Administrativas Nulas Ab Initio |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Pagán Ocasio y el juez Campos Pérez[1]

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 7 de marzo de 2024.

Comparece el Sr. Brian E. Santiago López, mediante un recurso de *Revisión Administrativa.* Solicita que declaremos nulas las sanciones impuestas por el Comité de Disciplina del Conservatorio de Música (Comité de Disciplina) en la *Determinación Final de Querella por Hostigamiento Sexual al Amparo de la Política y Procedimiento del Conservatorio de Música de Puerto Rico sobre Situaciones de Hostigamiento Sexual* emitida el 11 de agosto de 2023 y avaladas por el Rector del Conservatorio de Música de Puerto Rico, Sr. Orlando M. Calzada Delgado (Rector) en su *Determinación sobre Apelación de la Determinación del Comité de Disciplina* emitida el 18 de septiembre de 2023 y notificada el 26 de septiembre de 2023.

Por los fundamentos que expondremos a continuación, desestimamos la acción presentada pues carecemos de jurisdicción para atenderla.

---

[1]Mediante Orden Administrativa TA-2023-212 del 6 de diciembre de 2023 se designa al Hon. José I. Campos Pérez en sustitución del Hon. Ricardo G. Marrero Guerrero.

Número Identificador

RES2024_____

**I.**

El 22 de abril de 2023 la Sra. Prismarie A. Calderón Guerrido presentó ante la Coordinadora de Título IX del Conservatorio de Música, Sra. Indira Ortiz Bhajan, una denuncia verbal sobre alegados actos constitutivos de hostigamiento sexual contra el Sr. Brian E. Santiago López.[2] El 1 de mayo de 2023 dicha queja fue presentada ante la Coordinadora de Título IX del Conservatorio de Música de manera escrita.[3] Luego de haber evaluado el asunto, la Coordinadora de Título IX del Conservatorio de Música refirió dicho asunto al Comité de Disciplina para que se tratara de manera ordinaria.[4]

Así las cosas, el 10 de mayo de 2023 se le entregó al Sr. Brian E. Santiago López copia de la querella.[5] El 19 de mayo de 2023 el Sr. Brian E. Santiago López recibió una *citación* por parte del Comité de Disciplina para que compareciera a una vista informal pautada para el 13 de junio de 2023.[6]

El 14 de junio de 2023 se celebró una vista mediante videoconferencia en la cual el Sr. Brian E. Santiago López solicitó que se pospusiera la vista, se le permitiera la citación y presentación de testigos a su favor y, de igual forma, se le permitiera poder presentarse físicamente a la vista.[7] Así las cosas, el Comité de Disciplina determinó que el Sr. Brian E. Santiago López debía presentar sus solicitudes por escrito en un término de 5 días.[8]

Luego de varios incidentes procesales, se autorizó al señor Santiago López a asistir presencialmente a la vista pautada para el 28 de julio de 2023. No obstante, el 10 de julio de 2023 el Oficial

---

[2] Apéndice de la parte recurrente, en el Anejo 17 en la pág. 100.
[3] Apéndice de la parte recurrente, en el Anejo 5 en la pág. 35.
[4] Apéndice de la parte recurrente, en el Anejo 17 en la pág. 101.
[5] Apéndice de la parte recurrente, en el Anejo 5 en la pág. 43.
[6] Apéndice de la parte recurrente, en el Anejo 5 en la pág. 35.
[7] Apéndice de la parte recurrente, en el Anejo 6 en la pág. 44-45.
[8] Apéndice de la parte recurrente, en el Anejo 6 en la pág. 45.

Examinador emitió una *Resolución*, en la cual, denegó la asistencia presencial a la vista al señor Santiago López, pues advino en conocimiento de la existencia de una Orden de Protección emitida por el Tribunal de Primera Instancia, contra el Sr. Brian E. Santiago López que prohibía el contacto con la Sra. Prismarie A. Calderón Guerrido.[9] De igual forma, se le requirió al Sr. Brian E. Santiago López que presentará dentro de un término de final y perentorio de cinco días una lista detallada con toda la evidencia que pretendía presentar y se le apercibió de que el incumplir con esta orden no se le permitiría la presentación de prueba testifical o documental que no fuese su testimonio.[10]

Inconforme con tal determinación, el peticionario presentó el 20 de junio de 2023 su *Oposición enérgica a las siguientes determinaciones del Lcdo. Iván García como Oficial Examinador designado; ello por violación al debido proceso de ley.*[11] En síntesis, objetó las determinaciones hechas por el oficial examinador y solicitó que se le permitiera presentarse a la vista de manera presencial y presentar su prueba sin algún tipo de limitación.[12]

El 12 de julio de 2023 el Sr. Brian E. Santiago López presentó una *Solicitud de* [*desestimación*] *de la vista administrativa y el procedimiento; por craso incumplimiento con el Reglamento del Conservatorio en su efecto; una violación al debido proceso de ley.*[13] En dicho escrito, el Sr. Brian E. Santiago López alegó que procedía desistir sobre dicha acción llevada en su contra pues, entre otras cosas, dicha acción estaba en violación al reglamento titulado *Política y Procedimiento Institucional del Conservatorio de Música de Puerto Rico sobre Situaciones de Hostigamiento Sexual* (Reglamento)

---

[9] Apéndice de la parte recurrente, en el Anejo 10 en la pág. 56-58.
[10] Apéndice de la parte recurrente, en el Anejo 10 en la pág. 56-58.
[11] Apéndice de la parte recurrente, en el Anejo 11 en la pág. 59-63.
[12] Apéndice de la parte recurrente, en el Anejo 11 en la pág. 59-63.
[13] Apéndice de la parte recurrente, en el Anejo 12 en la pág. 64-70.

esto pues, pretendían realizar un procedimiento de querella, cuando procedía realizar uno de denuncia conforme a dicho reglamento.[14]

El 13 de julio de 2023 el Oficial Examinador emitió una *Resolución y Orden* atendiendo ambas mociones presentadas por el Sr. Brian E. Santiago López.[15] Respecto al escrito de *Oposición enérgica a las siguientes determinaciones del Lcdo. Iván García como Oficial Examinador designado; ello por violación al debido proceso de ley* declaró No Ha Lugar pues el Conservatorio de Música venía obligado a cumplir con la Orden de Protección.[16] Sobre el segundo escrito, *Solicitud de Desestimación de la vista administrativa y el procedimiento; por craso incumplimiento con el Reglamento del Conservatorio en su efecto; una violación al debido proceso de ley*, declaró No Ha Lugar pues el Conservatorio de Música se veía obligado a culminar un proceso iniciado para que ambas partes puedan presentar sus versiones.[17]

El Sr. Brian E. Santiago López presentó una *Réplica a Resolución y Orden* el 14 de julio de 2023.[18] En su escrito, el Sr. Brian E. Santiago López solicitó la desestimación de la querella presentada en su contra pues entendía que el Conservatorio de Música carecía de jurisdicción para atender dicho asunto y estaba actuando contrario al Reglamento.[19]

El 28 de julio de 2023 se llevó a cabo la vista administrativa.[20] Previó a la celebración de la vista, el Sr. Brian E. Santiago López alegó que el Conservatorio de Música carecía de jurisdicción para atender dicho asunto por lo que le notificó al Comité de Disciplina que no participaría y se desconectó de la vista.[21] Así las cosas, la

---

[14] Apéndice de la parte recurrente, en el Anejo 12 en la pág. 64-70.
[15] Apéndice de la parte recurrente, en el Anejo 13 en la pág. 71-74.
[16] Apéndice de la parte recurrente, en el Anejo 13 en la pág. 71-74.
[17] Apéndice de la parte recurrente, en el Anejo 13 en la pág. 71-74.
[18] Apéndice de la parte recurrente, en el Anejo 14 en la pág. 75-81.
[19] Apéndice de la parte recurrente, en el Anejo 14 en la pág. 75-81.
[20] Apéndice de la parte recurrente, en el Anejo 17 en la pág.105.
[21] Apéndice de la parte recurrente, en el Anejo 17 en la pág.105.

vista se celebró sin su presencia y la única prueba presentada y admitida fue el testimonio de la Sra. Prismarie A. Calderón Guerrido.[22]

Así las cosas, el Comité de Disciplina emitió su *Determinación final de querella por hostigamiento sexual al amparo de la política y procedimiento del Conservatorio de Música de Puerto Rico sobre situaciones de hostigamiento sexual.*[23] En síntesis, el Comité de Disciplina determinó, siguiendo el *Informe y recomendaciones al Comité de Disciplina del Conservatorio de Música de Puerto Rico* presentado por el Oficial Examinador, que las conductas realizadas por el Sr. Brian E. Santiago López constituyeron hostigamiento sexual.[24] Por tal razón impusieron al Sr. Brian E. Santiago López las siguientes sanciones:

1. La suspensión académica efectiva retroactivamente desde el veinticuatro (24) de mayo de 2023 hasta el cuatro (4) de septiembre de dos mil veintitrés (2023), con el apercibimiento expreso de que, si se determinara en un futuro que ha reincidido en conducta constitutiva de hostigamiento sexual, podrá ser expulsado como estudiante del CMPR;
2. La debida anotación en su expediente de estas sanciones;
3. La prohibición al estudiante BSL para que no se comunique directamente con PCG, no se le acerque dentro de los predios del CMPR y evite, dentro de lo posible, coincidir con la estudiante PCG en salones, oficinas y espacios cerrados dentro del CMPR. En caso de que la estudiante PCG entienda que esta prohibición ha sido incumplida, deberá notificarlo de inmediato a la Decana de Asuntos Académicos y Estudiantiles.[25]

Además de las sanciones, el Comité de Disciplina le notificó al Sr. Brian E. Santiago López su derecho de apelar bajo la sección XI(c)(4) del Reglamento.[26] Sobre el mismo expuso lo siguiente:

1. Proceso de Apelación de Determinaciones del Comité de Disciplina.
a. Cualquier estudiante que resulte sancionado como resultado de cualquier proceso disciplinario tendrá

---

[22] Apéndice de la parte recurrente, en el Anejo 17 en la pág.108.
[23] Apéndice de la parte recurrente, en el Anejo 16 en las págs. 96-98.
[24] Véase Apéndice de la parte recurrente, en el Anejo 16 en las págs. 96-98; Apéndice de la parte recurrente, en el Anejo 17 en las págs.99-130.
[25] Apéndice de la parte recurrente, en el Anejo 16 en las págs. 96-98.
[26] Apéndice de la parte recurrente, en el Anejo 16 en las págs. 96-98.

derecho a apelar dicha determinación ante la Autoridad Nominadora dentro de los 10 días laborales siguientes a la notificación de la decisión del Comité de Disciplina.

b. La determinación del Rector podrá ser apelada ante la Junta de Directores del Conservatorio dentro de los 10 días laborales siguientes a la notificación de la determinación del Rector.

c. Toda Apelación deberá ser presentada por escrito, estar debidamente firmada por el estudiante, e indicar los fundamentos en que se apoya su solicitud de apelación.[27]

Inconforme con la determinación del Comité de Disciplina, el Sr. Brian E. Santiago López presentó ante el Rector del Conservatorio de Música de Puerto Rico, Sr. Orlando M. Calzada Delgado, una *Apelación a la autoridad nominadora del Conservatorio de Música* el 18 de agosto de 2023.[28] En síntesis, el Sr. Brian E. Santiago López alegó que procedía dejaran sin efecto las sanciones impuestas por el Comité de Disciplina pues estas eran producto de un proceso adjudicativo nulo basadas en un reglamento que no cumplía con los requisitos de inscripción de reglamentos según la Ley Núm. 38-2017, según enmendada, conocida como *Ley de procedimiento administrativo uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601.[29] De igual forma, alegó que las sanciones impuestas eran ilegales pues no se basaron en ningún reglamento.[30]

El 18 de septiembre de 2023 el Rector emitió su *Determinación sobre apelación de la determinación del Comité de Disciplina*, notificada el 26 de septiembre de 2023.[31] En dicho escrito declara No Ha Lugar la apelación presentada por el Sr. Brian E. Santiago López y confirmó las determinaciones emitidas por el Comité de Disciplina.[32] Por otro lado, el Rector hizo constar el derecho del Sr. Brian E. Santiago López de apelar dicha determinación ante la

---

[27] Apéndice de la parte recurrente, en el Anejo 16 en las págs. 96-98.
[28] Apéndice de la parte recurrente, en el Anejo 18 en las págs. 131-140.
[29] Apéndice de la parte recurrente, en el Anejo 18 en las págs. 131-140.
[30] Apéndice de la parte recurrente, en el Anejo 18 en las págs. 131-140.
[31] Apéndice de la parte recurrente, en el Anejo 1 en las págs. 1-2.
[32] Apéndice de la parte recurrente, en el Anejo 1 en las págs. 1-2.

Junta de Directores del Conservatorio de Música de Puerto Rico.[33]

Sobre el mismo expuso lo siguiente:

4. Proceso de Apelación de Determinaciones del Comité de Disciplina
   a. Cualquier estudiante que resulte sancionado como resultado de cualquier proceso disciplinario tendrá derecho a apelar dicha determinación ante la Autoridad Nominadora dentro de los 10 días laborales siguientes a la notificación de la decisión del Comité de Disciplina.
   b. La determinación del rector podrá ser apelada ante la Junta de Directores del Conservatorio dentro de los 10 días laborales siguientes a la notificación de la determinación del Rector.
   c. Toda Apelación deberá ser presentada por escrito, estar debidamente firmada por el estudiante, e indicar los fundamentos en que se apoya su solicitud de apelación.[34]

Aún inconforme, el Sr. Brian E. Santiago López acudió ante nos oportunamente mediante el presente recurso de *Revisión Administrativa*. En su escrito, menciona los siguientes señalamientos de error:

> **Primer Error:** Erró la recurrida al confirmar unas sanciones disciplinarias, sin estas existir o estar reguladas en ningún reglamento válido o nulo del Conservatorio de Música de Puerto Rico.
>
> **Segundo Error:** Erró la recurrida al sustentar la determinación final del Comité de Disciplina. Que a su vez fundamento y argumento el proceso administrativo en contra del Sr. Santiago, al amparo de una "Política y Procedimiento Institucional", que se utilizó como "Reglamento Administrativo"; Sin este haber sido creado y validado al amparo de los requisitos de la LPAU, Ley Núm. 38-2017.

El 27 de diciembre de 2023, el Conservatorio de Música de Puerto Rico presentó ante nos una *Solicitud de desestimación*. Argumentaron que procedía la desestimación del recurso de revisión administrativo presentado, pues el Sr. Brian E. Santiago López omitió agotar remedios en el Conservatorio de Música de Puerto Rico como lo establece el Reglamento y la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601.

---

[33] Apéndice de la parte recurrente, en el Anejo 1 en las págs. 1-2.
[34] Apéndice de la parte recurrente, en el Anejo 1 en las págs. 1-2.

Así las cosas, y luego de algunos incidentes procesales, el Conservatorio de Música de Puerto Rico presentó el 29 de enero de 2024 ante nos su *Alegato de la parte recurrida*. Contando con la comparecencia de ambas partes, procedemos a resolver.

**II.**

### Doctrina de Agotamiento de Remedios Administrativos

La doctrina de agotamiento de remedios administrativos es una doctrina de autolimitación judicial en la que se "...determina la etapa en que un tribunal de justicia debe intervenir en una controversia que se ha presentado inicialmente ante un foro administrativo...". *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843, 851 (2008); *Asoc. Pesc. Pta. Figueras v. Pto. del Rey*, 155 D.P.R. 906, 916–917 (2001); *Mun. de Caguas v. AT & T*, 154 D.P.R. 401, 407 (2001). El objetivo de esta doctrina de autolimitación judicial es evitar una intervención judicial innecesaria y fuera de tiempo que pueda interferir con el cauce y desenlace normal del proceso administrativo. *Igartúa de la Rosa v. ADT*, 147 DPR 318, 331 (1998); *Delgado Rodríguez v. Nazario de Ferrer*, 121 DPR 347, 355 (1988).

Esta doctrina tiene su principio en la Sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9673, que expresa que:

> [u]na parte adversamente afectada por una orden o resolución final de una ***agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente*** podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones... (Énfasis Suplido).

A la luz de lo anterior, el Tribunal Supremo ha reconocido que la Sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, supra, limita la revisión judicial de decisiones administrativas cuando concurran los siguientes requisitos:

> *(1) que se trate de órdenes o resoluciones finales y (2) que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa.*[35]

Esto implica que el mecanismo de revisión judicial no estará disponible para la persona afectada por un dictamen de una agencia administrativa hasta que haya utilizado todos los mecanismos ofrecidos en el procedimiento administrativo. *AAA v. UIA*, 200 DPR 903, 913 (2018).

No obstante, aunque se reconoce como un requisito jurisdiccional que no debe ser pasado por alto[36], la Sección 4.3 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9672, establece que:

> [e]l tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

### Política y Procedimiento Institucional del Conservatorio de Música de Puerto Rico sobre Situaciones de Hostigamiento Sexual

Ley Núm. 77 de 30 de mayo de 1980, según enmendada, *Ley de la Corporación del Conservatorio de Música de Puerto Rico,* 18 LPRA 1163c, tuvo como propósito "...reafirmar y robustecer la autonomía académica de la educación musical, promover y administrar adecuadamente los programas y operaciones del Conservatorio de Música de Puerto Rico..." declarándola una entidad independiente. A esos efectos, en su Artículo 2 de la *Ley de la Corporación del Conservatorio de Música de Puerto Rico,* 18

---

[35] Véase *AAA v. UIA*, 200 DPR 903, 912 (2018); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018); *AAA v. UIA*, 199 DPR 638 (2018); *A.R.Pe. v. Coordinadora*, 165 DPR 850, 866 (2005).
[36] Véase *Igartúa de la Rosa v. ADT*, 147 DPR 318, 331 (1998); *Colón v. Méndez, Depto. Recursos Naturales*, 130 D.P.R. 433 (1992).

LPRA 1163d, se le delegan varios poderes y entre ellos se encuentran:

> El Conservatorio tendrá, sin que se entienda como una limitación, los siguientes poderes:
> (a) Subsistir a perpetuidad, demandar y ser demandada, como persona jurídica.
> [...]
> (d) Establecer las normas y reglamentos necesarios para la operación y funcionamiento interno y para regir los programas y actividades del Conservatorio.
> [...]

La Junta de Directores del Conservatorio de Música son aquellas personas a cargo de la dirección de la Corporación. Artículo 3 de la *Ley de la Corporación del Conservatorio de Música de Puerto Rico,* 18 LPRA 1163e. Entre los poderes que se le han delegado de manera estatutaria, se establece que el Conservatorio "adoptará las normas, reglas, reglamentos y procedimientos necesarios para ejercer los poderes y cumplir con los propósitos de la Corporación (...)". Artículo 3 de la *Ley de la Corporación del Conservatorio de Música de Puerto Rico,* supra.

Por su parte, el Rector es el principal director de la Corporación del Conservatorio de Música de Puerto Rico. Artículo 4 de la *Ley de la Corporación del Conservatorio de Música de Puerto Rico,* 18 LPRA 1163f. Entre los poderes y facultades delegadas al Rector se encuentra "[h]acer cumplir los objetivos, normas, reglamentos y planes presupuestarios y de desarrollo del Conservatorio". Artículo 4 de la *Ley de la Corporación del Conservatorio de Música de Puerto Rico,* supra.

Con la aprobación de la Junta de Directores del Conservatorio de Música y el Rector, se adoptó el reglamento titulado *Política y procedimiento institucional del Conservatorio de Música de Puerto Rico sobre situaciones de hostigamiento sexual*, 30 de junio de 2021. Dicho reglamento busca establecer una política y procedimiento a seguir sobre el hostigamiento sexual. Sección I de la *Política y Procedimiento Institucional,* supra. En la sección XI se regula el

Procedimiento Ordinario contra Estudiantes, respecto al proceso de apelación que puede llevar acabo un estudiante afectado por una determinación del Comité de Disciplina, en su inciso 4 se establece lo siguiente:

4. Proceso de Apelación de Determinaciones del Comité de Disciplina
   a. Cualquier estudiante que resulte sancionado como resultado de cualquier proceso disciplinario tendrá derecho a apelar dicha determinación **ante la Autoridad Nominadora dentro de los 10 días laborales siguientes a la notificación de la decisión del Comité de Disciplina.**
   b. **La determinación del Rector podrá ser apelada ante la Junta de Directores del Conservatorio dentro de los 10 días laborales siguientes a la notificación de la determinación del Rector.**
   c. Toda Apelación deberá ser presentada por escrito, estar debidamente firmada por el estudiante, e indicar los fundamentos en que se apoya su solicitud de apelación. (Énfasis nuestro).

**III.**

En su *Recurso de Revisión*, la parte recurrente señala que erró el Rector del Conservatorio de Música al confirmar unas sanciones disciplinarias, sin estas existir o estar reguladas en ningún reglamento válido o nulo del Conservatorio de Música de Puerto Rico. Señala, además, que erró el Rector del Conservatorio de Música al sustentar la determinación final del Comité de Disciplina, pues entiende que fundamentó y argumentó el proceso administrativo en contra del recurrente, al amparo de una "Política y Procedimiento Institucional", que se utilizó como "Reglamento Administrativo" sin este haber sido creado y validado al amparo de los requisitos de la LPAU, Ley Núm. 38-2017.

Por otra parte, el Conservatorio nos expone que procede la desestimación del *Recurso de Revisión* pues este Tribunal no tiene jurisdicción ya que la parte recurrente no ha agotado los remedios disponibles en el Conservatorio de Música. Si le asiste razón, veamos.

Según surge del reglamento en su Sección XI (4) en su inciso (a) el estudiante que resulte sancionado por una determinación del Comité de Disciplina tiene derecho a apelar dentro del término de 10 días ante la Autoridad Nominadora, el Rector. En el inciso (b) de dicha sección se establece que luego de emitida una determinación por parte del Rector, el estudiante podrá apelar dicha determinación ante la Junta de Directores del Conservatorio de Música de Puerto Rico bajo un termino igual de 10 días desde la notificación. Somos de la opinión de que dicha sección y sus incisos establecen los remedios administrativos que debe agotar la parte afectada que desee proceder con una Revisión Judicial ante este Tribunal conforme la Sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9673.

El recurrente fue advertido sobre el derecho a apelar las determinaciones y sus términos el 11 de agosto de 2023, en la *Determinación final de querella por hostigamiento sexual al amparo de la política y procedimiento del Conservatorio de Música de Puerto Rico sobre situaciones de hostigamiento sexual*[37] y el 18 de septiembre de 2023, en la *Determinación sobre Apelación de la Determinación del Comité de Disciplina*.[38] Conforme a dichas advertencias acudió en apelación ante el Rector del Conservatorio de Música de Puerto Rico el 18 agosto de 2023.[39] No obstante, y contrario a lo establecido a la Sección XI (4) en su inciso (b) el recurrente presentó un Recurso de Apelación ante este Tribunal. Al no presentarse un recurso apelativo ante la Junta de Directores del Conservatorio de Música de Puerto Rico en el término reglamentario antes de recurrir ante nos, carecemos de jurisdicción para poder atender este recurso, pues no se agotaron los remedios

---

[37] Apéndice de la parte recurrente, en el Anejo 16 en las págs. 96-98.
[38] Apéndice de la parte recurrente, en el Anejo 1 en las págs. 1-2.
[39] Apéndice de la parte recurrente, en el Anejo 18 en las págs. 131-140.

administrativos conforme lo establece la Sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9673.[40]

**IV.**

Por los fundamentos anteriormente expuestos, desestimamos el recurso que presentó el Sr. Brian E. Santiago López, pues carecemos de jurisdicción para atenderlo.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[40] Véase *AAA v. UIA*, 200 DPR 903, 912 (2018); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018); *AAA v. UIA*, 199 DPR 638 (2018); *A.R.Pe. v. Coordinadora*, 165 DPR 850, 866 (2005); *Igartúa de la Rosa v. ADT*, 147 DPR 318, 331 (1998).